**Martin HEYERT and Gill Heyert, Petitioners,**

v.

**DISTRICT OF COLUMBIA, ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent,**

**Delfini, Inc., t/a Delfini Restaurant, Intervenor.**

**No. 13194.**

District of Columbia Court of Appeals.

Argued March 5, 1979.

Decided March 23, 1979.

Courts Oulahan, Washington, D. C., for petitioners.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom Louis P. Robbins, Acting Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for respondent.

J. E. Bindeman, Washington, D. C., with whom Leonard W. Burka and L. Mark Winston, Washington, D. C., were on the brief, for intervenor.

Before NEWMAN, Chief Judge, and KELLY and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Petitioners seek to overturn a decision of the Alcoholic Beverage Control Board granting a liquor license to intervenor. We affirm.

I

On October 27, 1977, intervenor Delfini applied to the Board for a Class C liquor license for a proposed restaurant to be lo-

cated at 1023—31st Street, N.W. Petitioners, who reside nearby, opposed the application on various grounds, the principal one of which was that the restaurant would be located within 400 feet of Grace Episcopal Church and thus it would be ineligible for a license by virtue of the prohibitions contained in § 2.2 of the Alcoholic Beverage Control Regulations. 3 D.C.R.R. § 2.2. That section provides in pertinent part:

(a) No license, other than a retailer's license, class C or class D issued for a bona fide club or hotel, or a retailer's license, class B, or a retailer's license, class E, or a retailer's license, class F, shall be issued for any place of business within 400 feet of any public, private or parochial, primary, elementary, or high school, or any college, university, or church . . . .

(b) Said distance shall be measured between the nearest street main entrance to said place of business and the nearest street main entrance to said school, college, university, church, or recreation area by the shortest line between such entrances on, over, or across any public traveled way or public park or parking. This subsection shall not apply where the main entrance to said school, college, university, church or recreation area itself is actually on or occupies ground zoned commercial or industrial according to the official atlases of the Zoning Commission of the District of Columbia.

On February 17, 1978, after holding a hearing, the Board granted intervenor's application, essentially finding that although the church was located on land zoned W–1 (Waterfront, see Zoning Regulations of the District of Columbia, Article 44), such land was "ground zoned commercial" within the meaning of the exception contained in § 2.2(b). Accordingly, the Board ruled that § 2.2 was inapplicable to intervenor's case. It therefore made no findings concerning entrances and distances from the church

under the regulation. Petitioners appealed from that ruling.

Prior to argument in that case, the Board reconsidered its position, in light of an opinion by the Corporation Counsel, and decided that land zoned W–1 is not "ground zoned commercial" for purposes of § 2.2. Accordingly, the Board requested that we remand the record so that it might vacate its holding based upon the W–1 zoning and conduct further proceedings to determine if § 2.2 would bar the application. Petitioners acceded to that request, and we remanded the record.

On remand, the Board stated that Grace Episcopal Church has "two principal entrances," one on Wisconsin Avenue and another on South Street. The Board went on to conclude, however, that the Wisconsin Avenue entrance was the "street main entrance" to the church, as that phrase is used in § 2.2. It also found that the distance between that entrance and the "nearest street main entrance" to the proposed restaurant was greater than 400 feet. Therefore, the Board concluded that § 2.2 did not bar intervenor's application. We find no reversible error in that conclusion.[1]

II

Petitioners contend that once the Board found that there were two "principal" entrances to the church, it could not thereafter conclude that the Wisconsin Avenue entrance was the "nearest street main entrance" to the proposed restaurant. Their argument is that "principal" is synonymous with "main"; therefore, if both the Wisconsin Avenue and the South Street entrances are "main" entrances, and the South Street entrance is closer to the proposed restaurant (which it is), then the South Street entrance is the "nearest main entrance" to the church from which measurements must be taken, rather than the Wisconsin Avenue entrance.

1. We need not decide whether § 2.2 applies to land zoned W–1, since we conclude that even if

it does (as petitioners contend) it would not bar intervenor's application.

**1312** ■

■ Although petitioners' analysis of the regulation presents an appealing exercise in semantics, it overlooks the interpretation of "street main entrance" which has been adhered to for years by the Board. Unless that interpretation is plainly erroneous or inconsistent with the regulation, we must defer to it. *See, e. g., Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Barber v. District of Columbia Dept. of Human Resources,* D.C.App., 361 A.2d 194, 198 (1976).

■ Following a 1945 Corporation Counsel opinion which construed the relevant portion of the predecessor to § 2.2, the Board has defined "street main entrance" consistently. (*See* Opinion of Richmond B. Keech, then-Corporation Counsel for the District of Columbia, Jan. 24, 1945.) "Entrance" is interpreted broadly. According to that opinion as approved by the Board, it encompasses any door, doorway, gate, gateway or portal. A "street entrance," logically, is "an entrance whereby one enters directly from the street." *Ibid.* Thus, as perceived by the Board, there could be many street entrances to a building. However, not all of those necessarily would be "street main entrances," for "main" has been defined by the Board from the standpoint of use. That is, the Board finds as a fact from the evidence before it which of the various street entrances is most used by those who frequent the particular building. If there is one entrance that is used most often, then that entrance is the "street main entrance," and no consideration of the term "nearest" comes into play. If, however, more than one street entrance are used equally, then all such entrances are "street main entrances" and one of them must be determined to be the "nearest." That determination is a factual one which is simply a matter of measurement.

That interpretation by the Board of § 2.2 is both reasonable and logical. The Board applied it in this case in a manner which is neither plainly erroneous nor inconsistent with the regulation. The question thus is whether the Board's findings and conclusions based on the interpretation set forth above are "supported by and in accordance with the reliable, probative, and substantial evidence." D.C.Code 1978 Supp., § 1–1509(e). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vestry of Grace Parish v. ABC Board,* D.C.App., 366 A.2d 1110, 1112 (1976), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). *Accord, Jameson's Liquors, Inc. v. ABC Board,* D.C.App., 384 A.2d 412, 418 (1978).

■ The finding at issue is whether the Wisconsin Avenue entrance properly may be considered to be the "street main entrance" to Grace Episcopal Church, as determined by use. If it is, then it is uncontested that—by any means of measurement—the Wisconsin Avenue entrance is more than 400 feet from any entrance to the proposed restaurant, and therefore § 2.2 would not preclude the issuance of a license.[2] The evidence of record concerning entrance use is the testimony of Father Tartt, the Rector of Grace Episcopal Church, that more people use the Wisconsin Avenue entrance than the South Street entrance. This uncontradicted testimony, "made by one who could reasonably be believed to have first-hand knowledge of this fact," is evidence which is sufficient to support the Board's conclusion that the Wisconsin Avenue entrance is the main en-

---

**2.** In view of these facts and our holding, we need not consider the propriety of the method the Board uses to measure distances.

The questions raised in the "Reply Brief for Petitioners After Remand" as to significant changes in the structure to be used by intervenor are not properly at issue, not having been presented to or considered by the Board.

trance.[3]  *See Vestry of Grace Parish, supra,* at 1113.  The Board did not err in concluding that § 2.2 does not preclude a granting of intervenor's application.

*Affirmed.*

**3.** To the extent that petitioners suggest that the Board was not free to reach this determination, they are incorrect.  Generally, as facts change, so may findings based on those facts.  There are no questions here of res judicata, collateral estoppel, or stare decisis, in which instances an agency arguably might have to adhere to aspects of prior decisions.  *See generally* K. Davis, Administrative Law Treatise §§ 17–18.12 (1958).  *But see State Airlines, Inc. v. CAB,* 84 U.S.App.D.C. 374, 382, 174 F.2d 510, 518 (1949).