Michael D. LANGE, Petitioner,

v.

**DISTRICT OF COLUMBIA BOARD OF ZONING ADJUSTMENT, Respondent.**

No. 13417.

District of Columbia Court of Appeals.

Argued Jan. 25, 1979.

Decided Sept. 21, 1979.

Reconsideration Denied Nov. 26, 1979.

Whayne S. Quin, Washington, D. C., with whom Norman M. Glasgow, Iverson O. Mitchell, III and Norman M. Glasgow, Jr., Washington, D. C., were on briefs, for petitioner.

Dennis McDaniel, Asst. Corp. Counsel, Washington, D. C., with whom Louis P. Robbins, Acting Corp. Counsel, Washington, D. C., at the time the case was argued, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on brief, for respondent.

Before NEWMAN, Chief Judge, and MACK, Associate Judge, and YEAGLEY, Associate Judge, Retired.

MACK, Associate Judge:

This court has been petitioned to overturn part of an Order of the Board of Zoning Adjustment denying a special exception. We affirm.

The special exception would have permitted, in a residential district,[1] extensions of nonconforming office uses from the first floor of 304–306 Independence Avenue, S.E. to the second floor. Petitioner is the owner of the two-story building which has two distinct addresses but which is situated on a single lot. On the first floor there are separate entrances to 304 and 306 but there is only one entrance to the second floor which is located on the 304 side of the building. On the first floor of 304 there is nonconforming use by a real estate office which is also using the first floor of 306 without a certificate of occupancy. The second floor of 304–306 is presently occupied by a four-member law firm, also without a certificate of occupancy for such use. From 1970–1974 petitioner lived on the second floor of 304–306 and prior to 1970, petitioner's parents used the second floor as an antique shop with the incidental use for the sale of oriental rugs.[2]

Petitioner applied for two extensions of nonconforming uses under § 7105.2 of the Zoning Regulations which provides:

> If approved by the Board of Zoning Adjustment in accordance with the authority and procedures established in Section 7109 of this Article a Class II *nonconforming* use may be extended to other portions of a *structure* devoted to such use, provided no *structural alterations* are made and no other *structure* is involved in the extension of the *nonconforming* use.

The Board denied the extensions on the grounds that, because of petitioner's residence on the second floor between 1970–1974 it was precluded from authorizing the extensions of nonconforming uses by virtue of § 7104.3 which states:[3]

> When an existing *nonconforming* use has been changed to a conforming or more restrictive use, it shall not be changed back to a *nonconforming* use or less restrictive use.

■ In this court, petitioner claims that 1) the Board erred in its conclusion that § 7104.3 of the Zoning Regulations precluded the granting of petitioner's application to extend nonconforming uses, 2) it was an

---

1. Zoning Regulation § 3104.1 states:

   The R–4 District is designed to include those areas now developed primarily with row dwellings [one family dwellings] but within which there have been a substantial number of conversions of such dwellings into dwellings for two or more families. Very little vacant land would be included within this district since its primary purpose would be the stabilization of remaining one-family dwellings. . . .

2. Petitioner's parents were the owners of the property prior to petitioner's ownership. Petitioner testified that the second floor was used as an antique shop for approximately two to four years beginning in 1966.

3. The Board granted petitioner's application to change the nonconforming use of the first floor of 306 from a beauty salon to a real estate office.

abuse of the Board's discretion to deny petitioner's application to extend nonconforming uses under § 7105.2, and 3) the Board violated D.C.Code 1973, § 1–1509(a) by not giving petitioner notice that § 7104.3 would be an issue involved in the hearing on its application.[4]

Specifically petitioner argues that the Board in relying upon § 7104.3, reached its decision under the wrong section of the regulations. He argues that the issue of termination of a nonconforming use necessarily presupposes an initial determination by the Board of a nonconforming use. Since a nonconforming use of the second floor was never established, § 7105.2 is the sole governing provision according to petitioner.

It is true that the Board, before applying the provisions of § 7104.3, did not specifically find that there had been a nonconforming use prior to the conforming use. However, for the reasons that follow, we decline to reverse a determination by the Board

that is mandated by the rationale of the questioned section and the regulations as a whole.

The applicable facts show that by BZA Order No. 8757, issued July 5, 1966, petitioner's parents were granted by the Board an extension of a nonconforming antique shop on the first floor of 304 to the entire second floor. The letter granting the extension specifically stated that pursuant to § 8205.12, the Board's order was valid only for a period of six months unless an application for a certificate of occupancy was filed within six months from the date of the order.[5] It is undisputed in the record that petitioner's parents never obtained, as required by the Zoning Regulations,[6] a certificate of occupancy before commencing use of the second floor as an antique shop. Such use of the second floor was therefore, since its inception in 1966, an illegal use rather than a nonconforming use[7] within the purview of § 7104.3.[8] *See Bernstein v.*

---

4. D.C.Code 1973, § 1–1509(a) states:

   In any contested case, all parties thereto shall be given reasonable notice of the afforded hearing by the Commissioner or Council or the agency, as the case may be. The notice shall state the time, place, and issues involved, but if, by reason of the nature of the proceeding, the Commissioner or Council or the agency determine that the issues cannot be fully stated in advance of the hearing, or if subsequent amendment of the issues is necessary, they shall be fully stated as soon as practicable, and opportunity shall be afforded all parties to present evidence and argument with respect thereto. . . .

   Petitioner claims that, based on the record, a representative of the Zoning Administrator by letter informed the law firm, which presently occupies the second floor, that special exception relief pursuant to § 7105.2 would be required from the Board in order to establish legal occupancy of the second floor. In addition, the notice petitioner received to appear before the Board for a public hearing specifically stated that the extensions of nonconforming uses were sought pursuant to § 7105.2.

   We find no denial of notice based on § 1–1509(a). The concept of termination of a nonconforming use by changing it to a conforming use is part and parcel of the theory of nonconforming uses and petitioner should have been on notice that by applying for an extension of a nonconforming use the Board was required to assess the applicability of § 7104.3. *See Silverstone v. D.C. Bd. of Zoning Adjustment,* D.C.

App., 372 A.2d 1286, 1289 (1977). Moreover, the record discloses that it was not until the facts were developed at the hearing that the Board determined the relevance of § 7104.3. Petitioner was then given an opportunity to proffer its interpretation of that provision.

5. Zoning Regulation § 8205.12 states:

   An order of the Board authorizing the use of a *structure* or land or part thereof shall not be valid for a period longer than six months *unless such use is established within such* period, provided, that where such permitted use is dependent upon the erection or alteration of a *structure* the provisions of paragraph 8205.11 shall apply.

6. Zoning Regulation § 1302.1 provides that "[n]o *building* . . . shall hereafter be used . . . except in conformity with these regulations."

7. Zoning Regulation § 1202 defines nonconforming use as

   any use of a *building, structure,* or of land, lawfully existing at the time these regulations become effective, which does not conform to the use provisions of these regulations for the *district* in which such use is located.

8. Zoning Regulation § 8104.1 provides that unless a certificate of occupancy was issued or applied for before the effective date of the regulations " . . . no person shall use any

*District of Columbia Board of Zoning Adjustment,* D.C.App., 376 A.2d 816, 818 (1977).

Petitioner would have us ignore the illegal use of the second floor as an antique shop and its subsequent use as a residence and conclude that because a nonconforming use was never established, § 7104.3 does not operate as a bar to an extension of a nonconforming use under § 7105.2.

■ However, the granting of the extensions of nonconforming uses in this case to permit law office use on the second floor would be inconsistent with the purpose of § 7104.3 and the intent of the Zoning Regulations as a whole. If petitioner's parents had obtained a certificate of occupancy for use of the second floor as an antique shop and thereby established a legal nonconforming use, § 7104.3, as interpreted by the Board,[9] would have prohibited a change back to a nonconforming use of the premises after its use as a residency.

■ Certainly, if a nonconforming use which had been changed to a conforming use cannot be changed back to a nonconforming use, it is not within the intent of § 7104.3 to allow an illegal use which has been changed to a conforming use to then be changed to a nonconforming use. To hold otherwise, would be to allow petitioner

to benefit from the illegal use of the premises and in effect establish the basis for a valid nonconforming use on a prior illegal use. *See Bernstein v. District of Columbia Board of Zoning Adjustment, supra; Hauser v. Borough of Catasauqua Zoning Hearing Board,* 20 Pa.Cmwlth. 313, 315–17, 341 A.2d 566, 569–70 (1975).

■ As recently stated in *Sheridan-Kalorama Neighborhood Council v. District of Columbia Board of Zoning Adjustment,* D.C.App. (No. 12899, May 7, 1979, slip op. at 10), any interpretation of the regulations which expands the prerogatives of nonconforming users is undesirable. Surely, an interpretation of the zoning regulations which confers a benefit from the violation of the regulations is equally as undesirable. We will not allow petitioner to rely on an illegal use to shield him from the operation of the regulations. For in the context of this case, an illegal use—while technically not a nonconforming use—is nevertheless nonconforming.

■ We hold that, although the Board incorrectly assumed that a nonconforming use was established on the second floor of 304–306, it correctly concluded that it was prohibited from allowing the extensions of nonconforming use to the second floor after

---

*structure,* land or part thereof for any purpose other than a *one-family dwelling* until a certificate of occupancy has been issued to such person stating that such use complies with these regulations and the building code."

Zoning Regulations § 8105.1 states:

[T]he owner or person in charge of or maintaining any *building* or land or any other person who erects, constructs, reconstructs, alters, converts, maintains, or uses any *building* or *structure* or part thereof or land in violation of these regulations shall upon conviction for such violation be punished by a fine of not more than $100 per day for each and every day such violation shall continue.

9. Petitioner contends that, assuming *arguendo,* a nonconforming use had been established on the second floor, § 7104.3 applies only where there has been nonconforming use of the entire premises which has been changed to conforming use throughout the premises. Petitioner cites no authority for its statement that the Zoning Administrator has consistently held that a nonconforming use existing in a struc-

ture can extend to portions of the same structure in which a prior nonconforming use has been terminated.

The Board's interpretation appears to apply the plain meaning of the regulation and petitioner is unable to demonstrate that his construction is consistent with the express language of the regulation. *See Silverstone v. D.C. Bd. of Zoning Adjustment, supra* 372 A.2d at 1289–90. We therefore conclude that, had the Board been correct in finding a nonconforming use, its interpretation of § 7104.3 as a bar to granting an extension of a nonconforming use under § 7105.2 would not have been plainly erroneous or inconsistent with the regulations as a whole and would have been controlling. *See Friendship Neighborhood Coalition v. D.C. Bd. of Zoning Adjustment,* D.C. App., 403 A.2d 291, 293 (1979); *Heyert v. D.C. Alcoholic Beverage Control Bd.,* D.C.App., 399 A.2d 1309, 1312 (1979); *Wolf v. D.C. Bd. of Zoning Adjustment,* D.C.App., 397 A.2d 936, 942 (1979).

its use as a residence. We sustain its action on the ground that the conforming use, following an illegal use, operated within the meaning of § 7104.3 and the zoning regulations, to prohibit the exercise of the discretion of the Board of Zoning Adjustment to extend nonconforming office uses to the entire premises. Accordingly, we affirm the Order of the Board. *See SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943); *Silverstone v. District of Columbia Board of Zoning Adjustment,* D.C.App., 372 A.2d 1286, 1287–88 (1971).

*Affirmed.*